SONIA S. WAISMAN (STATE BAR NO. 153010)
McCLOSKEY, WARING & WAISMAN LLP
1960 East Grand Avenue, Suite 580
El Segundo, California  90245
Telephone: 310.524.0400
Facsimile:  310.524.0404
swaisman@mwwllp.com

Attorneys for
Hartford Accident & Indemnity Company,
served pursuant to Cal. Probate Code § 550, as Alleged Insurer
of Defendant
THE ESTATE OF RONALD G. ARMSTRONG, DECEASED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al., | Case No.   2:10-CV-02392 MCE-EFB |
| Plaintiffs, | |
| v. | Hon. Morrison C. England, Jr., Courtroom 7 |
| ARNOLD CLEANERS, INC., et al., | **STIPULATION FOR EXTENSION OF TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT; ORDER THEREON** |
| Defendants. | |

   PLEASE TAKE NOTICE THAT the parties hereto, through their respective counsel, stipulate (subject to this Court's approval) to an extension of the due date for Defendant The Estate of Ronald G. Armstrong, Deceased ("Armstrong Estate") to respond to Plaintiffs' First Amended Complaint ("Complaint").  Hartford Accident & Indemnity Company ("Hartford") was served pursuant to California Probate Code section 550 as alleged insurer of the Armstrong Estate.  Based on the date of service of the Complaint on Hartford (through CSC, Hartford's agent for service), the Armstrong Estate's response was due on January 11, 2011.  Counting the twenty-eight day (28) permitted time for stipulated extension pursuant to Rule 144 from the original due date, the response(s) would have been due on February 8, 2011.  For the reasons set

STIPULATION FOR EXTENSION
OF DUE DATE                                    1

1  forth below, Hartford, on behalf of its alleged insured, the Armstrong Estate, respectfully requests
2  that this Court approve an extension for an additional forty-five (45) days until and including
3  March 25, 2011.
4      Good grounds exist for the requested extension as follows:
5      1.    On or about December 30, 2010, plaintiffs filed a Motion for Enlargement of Time
6  to Serve, moving for an order enlarging time for service of the Complaint by 180 days after the
7  expiration of the 120-day time for service, pursuant to FRCP, Rule 4(m), to allow plaintiffs
8  reasonable time to exhaust all avenues for locating appropriate agents for service given the
9  "historical nature of many of the defendants' ownership and/or operation of the dry cleaning
10 business and real property at issue in this case" (quoting from plaintiffs' Notice of Motion).  This
11 Court granted that motion on January 25, 2011.
12     2.    Plaintiffs served Hartford with their Complaint under California Probate Code
13 section 550, pursuant to which "an action to establish decedent's liability for which the decedent
14 was protected by insurance may be commenced or continued against the decedent's estate without
15 the need to join as a party the decedent's personal representative or successor in interest."  Such
16 an action shall name the decedent's estate as the defendant but the summons shall be served on
17 the decedent's insurer.  Cal. Prob. Code § 552.  "Further proceedings shall be in the name of the
18 estate, but shall otherwise be conducted in the same manner as if the action were against the
19 personal representative."  *Id.*  "The insurer may deny or otherwise contest its liability in an action
20 under this chapter or by an independent action."  Cal. Prob. Code § 553.
21     3.    The Hartford believes the initial premise of this type of lawsuit is the question of
22 whether the decedent was indeed insured under a potentially applicable insurance policy issued
23 by the insurance company that is served pursuant to Probate Code section 550.
24     4.    In this case, Hartford represents that it has conducted a search of its records for
25 copies of any insurance policy issued to Ronald G. Armstrong (and, hence, the defendant
26 Armstrong Estate), but has found no such evidence to date.  Hartford has been in communication
27 with plaintiffs' counsel to obtain additional information to assist Hartford in its search or
28 otherwise confirm that Hartford indeed provided liability coverage to Ronald G. Armstrong.

STIPULATION FOR EXTENSION OF DUE DATE     2

1  Plaintiffs' counsel's search for additional information is ongoing, and communications between
2  plaintiffs' counsel and Hartford's counsel are ongoing at this time.

3      5.    Hartford has requested the additional time in order to allow both Hartford and
4  plaintiffs time to further research various avenues for insurance information and, based on the
5  outcome of such research, determine how Hartford proceed.

6      6.    Hartford represents that it has proceeded with due diligence to promptly search its
7  records and also contact plaintiffs' counsel to address the preliminary issue of whether Hartford is
8  indeed an insurer of Ronald G. Armstrong as contemplated and required under Probate Code
9  section 550, with the hope of reaching a mutual understanding with plaintiffs' counsel on this
10 issue. Resolution of this issue has taken more time than initially anticipated. Plaintiffs and
11 Hartford agree that the extension stipulated to and requested herein is warranted.

12     7.    Hartford states the filing of this stipulation is not intended to be a waiver by
13 Hartford of any insurance coverage defenses it may have in connection with this matter, and no
14 estoppel is to result therefrom. Hartford further states that nothing in this stipulation is an
15 admission by Hartford that Hartford has any obligation, including without limitation any defense
16 and/or indemnity obligation, to Ronald Armstrong dba Arnold Palmer Cleaners, the Armstrong
17 Estate or any other person or entity involved in this matter. Plaintiffs acknowledge that Hartford
18 reserves all of its rights and defenses in connection with this matter, including but not limited to
19 the right to contest the issuance of insurance to Ronald Armstrong dba Arnold Palmer Cleaners
20 and whether any defense and/or indemnity obligation is owed to the Armstrong Estate. Plaintiffs
21 reserve all their rights including, without limitation, their right to dispute Hartford's position
22 regarding the issuance of insurance and whether any defense and/or indemnity obligation is owed
23 by Hartford in connection with this matter.

24     Good cause appearing, by way of stipulation, the parties hereto respectfully request the
25 applicable due date for response to the Complaint be extended to March 25, 2011.

26 IT IS SO STIPULATED.

27

28

STIPULATION FOR EXTENSION OF DUE DATE    3

| | | |
|---|---|---|
| Dated: | February 15, 2011 | DOWNEY BRAND LLP |

                                                */ s / Robert P. Soran*
                                                Robert P. Soran

                                                Attorneys for Plaintiffs

Dated:      February 15, 2011         MCCLOSKEY, WARING & WAISMAN LLP

                                                */ s / Sonia S. Waisman*
                                                Sonia S. Waisman

                                                Attorneys for Hartford Accident & Indemnity Company, served under Cal. Prob. Code § 550 as alleged insurer of Defendant ESTATE OF RONALD G. ARMSTRONG

**ORDER**

        The Court, having considered the Stipulation for Extension of Time to Respond to the First Amended Complaint, entered into by the Plaintiffs and by Hartford Accident & Indemnity Company ("Hartford"), which was served pursuant to California Probate Code section 550 as alleged insurer of Defendant The Estate of Ronald G. Armstrong, Deceased ("Armstrong Estate"), hereby orders:

        The applicable due date for response to Plaintiffs' First Amended Complaint is hereby extended to and including March 25, 2011.

        IT IS SO ORDERED.

DATE:  February 25, 2011

                                                  MORRISON C. ENGLAND, JR.
                                                  UNITED STATES DISTRICT JUDGE