SONIA S. WAISMAN (STATE BAR NO. 153010)
McCLOSKEY, WARING & WAISMAN LLP
1960 East Grand Avenue, Suite 580
El Segundo, California  90245
Telephone: 310.524.0400
Facsimile:  310.524.0404
swaisman@mwwllp.com

Attorneys for
Hartford Accident and Indemnity Company,
served pursuant to Cal. Probate Code § 550,
as Alleged Insurer of Defendant
THE ESTATE OF RONALD G. ARMSTRONG, DECEASED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>ARNOLD CLEANERS, INC., et al.,<br><br>            Defendants.<br><br><br>AND RELATED COUNTERCLAIMS. | Case No.   2:10-CV-02392 MCE-EFB<br><br>Hon. Morrison C. England, Jr.,<br>Courtroom 7<br><br>**STIPULATION FOR FURTHER EXTENSION OF TIME TO RESPOND TO (1) PLAINTIFFS' FIRST AMENDED COMPLAINT AND (2) FIRST AMENDED COUNTERCLAIM OF NAGLER COUNTERCLAIMANTS; ORDER THEREON** |

PLEASE TAKE NOTICE that the parties hereto ("Parties"), through their respective counsel, stipulate (subject to this Court's approval) to a further extension of the due date for Defendant The Estate of Ronald G. Armstrong, Deceased ("Armstrong Estate") to respond to Plaintiffs' First Amended Complaint ("Complaint") and to the First Amended Counterclaim of Nagler Counterclaimants ("Nagler Counterclaim").  Hartford Accident and Indemnity Company ("Hartford") was served pursuant to California Probate Code section 550 as alleged insurer of the Armstrong Estate.  By the Parties' respective stipulations and this Court's February 25, 2011 Order (regarding the response to the Complaint), the applicable due date for the responses to both the Complaint and the Nagler Counterclaim is currently March 25, 2011.  For the reasons set

STIPULATION FOR EXTENSION
OF DUE DATE                             1

1  forth below, the Parties respectfully requests that this Court approve an extension for an
2  additional forty-five (45) days until and including May 9, 2011.
3      Good grounds exist for the requested extension as follows:
4      1.    On or about December 30, 2010, plaintiffs filed a Motion for Enlargement of Time
5  to Serve, moving for an order enlarging time for service of the Complaint by 180 days after the
6  expiration of the 120-day time for service, pursuant to FRCP, Rule 4(m), to allow plaintiffs
7  reasonable time to exhaust all avenues for locating appropriate agents for service given the
8  "historical nature of many of the defendants' ownership and/or operation of the dry cleaning
9  business and real property at issue in this case" (quoting from plaintiffs' Notice of Motion).  This
10 Court granted that motion on January 25, 2011.
11     2.    Both the Complaint and the Nagler Counterclaim were served on Hartford under
12 California Probate Code section 550, pursuant to which "an action to establish decedent's liability
13 for which the decedent was protected by insurance may be commenced or continued against the
14 decedent's estate without the need to join as a party the decedent's personal representative or
15 successor in interest."  Such an action shall name the decedent's estate as the defendant but the
16 summons shall be served on the decedent's insurer.  Cal. Prob. Code § 552.  "Further proceedings
17 shall be in the name of the estate, but shall otherwise be conducted in the same manner as if the
18 action were against the personal representative."  *Id.*  "The insurer may deny or otherwise contest
19 its liability in an action under this chapter or by an independent action."  Cal. Prob. Code § 553.
20     3.    Hartford believes the initial premise of this type of lawsuit is the question of
21 whether the decedent was indeed insured under a potentially applicable insurance policy issued
22 by the insurance company that is served pursuant to Probate Code section 550.
23     4.    Hartford represents that it has conducted a search of its records for copies of any
24 insurance policy issued to Ronald G. Armstrong (and, hence, the defendant Armstrong Estate),
25 but has found no such evidence to date.  Plaintiffs' counsel represents that their search for
26 additional information is ongoing.  Hartford continues to communicate with plaintiffs' counsel to
27 obtain additional information to assist Hartford in its search or otherwise confirm that Hartford
28 indeed provided liability coverage to Ronald G. Armstrong.

STIPULATION FOR FURTHER EXTENSION OF DUE DATE    2

5. The Parties request the additional time in order to allow both Hartford and plaintiffs time to further research various avenues for insurance information and, based on the outcome of such research, determine how to proceed.

6. Hartford represents that it has proceeded with due diligence to promptly search its records and also contact plaintiffs' counsel to address the preliminary issue of whether Hartford is indeed an insurer of Ronald G. Armstrong as contemplated and required under Probate Code section 550, with the hope of reaching a mutual understanding with plaintiffs' counsel on this issue. Resolution of this issue has taken more time than initially anticipated. The Parties agree that the extension stipulated to and requested herein is warranted.

7. Hartford states the filing of this stipulation is not intended to be a waiver by Hartford of any insurance coverage defenses it may have in connection with this matter, and no estoppel is to result therefrom. Hartford further states that nothing in this stipulation is an admission by Hartford that Hartford has any obligation, including without limitation any defense and/or indemnity obligation, to Ronald G. Armstrong, the Armstrong Estate or any other person or entity involved in this matter. Plaintiffs and the Nagler counterclaimants acknowledge that Hartford reserves all of its rights and defenses in connection with this matter, including but not limited to the right to contest the issuance of insurance to Ronald G. Armstrong and whether any defense and/or indemnity obligation is owed to the Armstrong Estate. Plaintiffs and the Nagler counterclaimants reserve all their rights including, without limitation, their right to dispute Hartford's position regarding the issuance of insurance and whether any defense and/or indemnity obligation is owed by Hartford in connection with this matter.

///
///
///
///
///
///
///
///

STIPULATION FOR FURTHER EXTENSION OF DUE DATE      3

Good cause appearing, by way of stipulation, the Parties respectfully request the applicable due date for response to the Complaint be extended to May 9, 2011.

IT IS SO STIPULATED.

Dated: March 24, 2011                    DOWNEY BRAND LLP

*/s/ Robert P. Soran [as authorized on 3/23/2011]*
  Robert P. Soran
 Attorneys for Plaintiffs

Dated: March 24, 2011                    WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP

*/s/ Carl P. Blaine [as authorized on 3/23/2011]*
  Carl P. Blaine
 Attorneys for Nagler Counterclaimants

Dated: March 24, 2011                    McCLOSKEY, WARING & WAISMAN LLP

*/s/ Sonia S. Waisman [as authorized on 3/23/2011]*
  Sonia S. Waisman
 Attorneys for Hartford Accident and Indemnity Company, served under Cal. Prob. Code § 550 as alleged insurer of Defendant ESTATE OF RONALD G. ARMSTRONG

STIPULATION FOR FURTHER EXTENSION OF DUE DATE          4

**ORDER**

The Court, having considered the Stipulation for Further Extension of Time to Respond to Plaintiffs' First Amended Complaint and to the First Amended Counterclaim of Nagler Counterclaimants, entered into by the Plaintiffs, by the Nagler Counterclaimants and by Hartford Accident and Indemnity Company, which was served pursuant to California Probate Code section 550 as alleged insurer of Defendant The Estate of Ronald G. Armstrong, Deceased, hereby orders:

The applicable due date for response to Plaintiffs' First Amended Complaint and to the First Amended Counterclaim of Nagler Counterclaimants is hereby extended to and including May 9, 2011.

IT IS SO ORDERED.

Dated:  April 6, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE