UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BEL AIR MART, a California corporation and WONG FAMILY INVESTORS, L.P.,

Plaintiffs,

v.

ARNOLD CLEANERS, INC.; *et al.*,

Defendants.

Case No. 2:10-CV-02392 MCE-EFB

**ORDER APPROVING MOTION OF PLAINTIFFS BEL AIR MART AND WONG FAMILY INVESTORS, L.P., AND DEFENDANTS RALPH ARMSTRONG, YOLANDA PANATTONI, ARNOLD CLEANERS, INC., HAN HOI JOO AND PETER KIM FOR LIMITED STAY OF LITIGATION**

Date: May 31, 2012
Time: 2:00 p.m.
Courtroom: 7

**The Honorable Morrison England, Jr.**

The Motion for a Limited Stay filed by Plaintiffs Bel Air Mart and Wong Family Investors, L.P., and Defendants Ralph Armstrong, Yolanda Panattoni, Arnold Cleaners, Inc., Han Hoi Joo, Chang Sun Joo, and Peter Kim (collectively the "Moving Parties"), came before this Court for hearing on May 31, 2012. That Motion, attached as Exhibit A to the Declaration of Robert P. Soran in support of Plaintiffs' Application to hear the Motion on shortened time (ECF No. 129-1), was deemed filed at the time this Court granted Plaintiffs' Application on May 18, 2012. After full consideration of the papers filed both in support of and in opposition to Plaintiffs' Motion, and good cause appearing therefore, IT IS HEREBY ORDERED that the Motion for a Limited Stay is GRANTED.[1]

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

The Court finds that a limited stay of the litigation through and including October 31, 2012, is justified and appropriate.

IT IS HEREBY ORDERED that this action is immediately STAYED through and including October 31, 2012 ("Stay Period"), subject to the following terms and exceptions:

1. The parties to this litigation may serve subpoenas to "unrelated third parties"[2] that are directed solely to:

a. The location of insurance agreements under which a party may assert that an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment; or

b. The location of any currently named defendants in the present litigation (including, in the case of named "deceased" defendants, their respective insurance carrier(s) who may be identified as a party pursuant to Probate Code Section 550) who have not yet been served in this action.

2. The parties may serve deposition notices to, and conduct depositions (or a mutually agreeable discovery alternative to deposition) of any individual for the purpose of preserving testimony where there is a substantial increased risk of unavailability of the deponent to testify at the time of trial, such as where the individual is of advanced age or in poor health.

3. The parties may complete service of their respective previously filed complaint or counterclaims against any remaining named defendants that have not yet been located and served, including but not limited to any alleged insurers of any named "deceased" defendants pursuant to Probate Code Section 550.

4. Any person or entity that is served with the Plaintiffs' First Amended Complaint

[2] For purposes of this Order, "unrelated third parties" means any person or entity that is both: (1) not currently named in the present litigation as of the date the motion was filed by the parties; and (2) not a past or present principal, board member, trustee, officer, director, shareholder, partner, employee, contractor, subcontractor, parent corporation, subsidiary, predecessor, or successor of a party currently named in the present litigation. Separate insurance businesses that a party may contend are liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment are expressly considered to be "unrelated third parties".

("Complaint") or previously filed counterclaims during the Stay Period must timely file a responsive pleading thereto in accordance with the deadlines set forth in the Federal Rules of Civil Procedure and applicable local rules. Any response required to any responsive pleading, including any counterclaims or cross claims filed by a newly served person or entity, will be stayed for the remainder of the Stay Period and due no later than 30 days after the expiration of the Stay Period.

5. Except as specifically provided for in paragraphs 1-4, above, any and all pending discovery including, but not limited to, deposition notices and written discovery requests presently noticed by the parties to this present litigation, is stayed. Any responses to written discovery stayed by the Court pursuant to this Order shall be served within 30 days of the expiration of the Stay Period, unless the response period is otherwise extended further by agreement of the party propounding the discovery; and any deposition previously noticed may be re-noticed for a date not earlier than 30 days after the expiration of the Stay Period. All rights and objections to any discovery referenced above are maintained by the parties and may be timely asserted after the Stay Period has expired.

6. Plaintiffs shall be allowed to continue physical site investigation associated with the environmental contamination alleged in this matter, as may be approved by the Central Valley Regional Water Quality Control Board. Plaintiffs shall keep Defendants reasonably informed of all such physical site investigations, and shall provide Defendants notice and the opportunity to observe the investigations.

7. Counsel for the parties, including any parties subsequently served in accordance with the Court's Order, shall meet and confer 90 days from the date of this Order to provide an update on: (a) the location of additional insurance agreements under which a party may assert that an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment of any party; (b) timing for the completion of any remaining physical site investigation conducted by Plaintiffs per paragraph 6, above; and (c) the possibility of the parties pursing alternative dispute resolution (i.e., mediation) within the Stay Period.

8. Plaintiffs may have heard by the Court their April 27, 2012, Motion for a further extension of time in which to serve defendants named in Plaintiffs' First Amended Complaint in the Present Litigation.

9. The Stay Period provided by the Court shall not be considered, and each party agrees not to assert, plead or raise in any fashion any defense or avoidance based upon the expiration or running of any statute of limitations or any defense based upon laches, estoppel or the lapse or passage of time to occur during the Stay Period provided by this Order.

10. If any party seeks relief from this stay, prior to seeking relief from the Court, the party seeking such relief from the stay shall be required to meet and confer with the other parties to the present litigation regarding the request for relief from the stay and attempt to informally resolve the matter prior to filing a request for relief.

11. A further joint status report from the parties is due on November 14, 2012 – two weeks following the expiration of the Stay Period provided by this Order.

12. All other litigation proceedings not specifically herein excepted are stayed through and including October 31, 2012.

Dated: June 4, 2012

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE