UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD CLEANERS, et al.,<br><br>        Defendants.<br><br>AND RELATED CROSS-ACTIONS. | No. 2:10-cv-002392-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

      Presently before the Court are two joint motions: a stipulation and joint motion for a third limited stay of the litigation in this case (ECF No. 187); and a stipulation and joint motion (ECF No. 188) to modify the pretrial scheduling order (ECF No. 185). Defendant Arrowood Indemnity Company ("Arrowood") opposes both motions. (ECF No. 190.)

///
///
///
///
///

Specifically, Plaintiffs Bel Air Mart and Wong Family Investors, L.P., together with Defendants Century Indemnity Company, as alleged insurer of The Estate of Ronald G. Armstrong, Deceased ("Century"), Ralph Armstrong, Yolanda Panattoni, Arnold Cleaners, Inc., Han Hoi Joo, Chang Sun Joo, Peter Kim, R. Gern Nagler as Trustee of the John W. Burns Testamentary Trust, and Robert Gern Nagler (collectively "Movants"), jointly move the Court for an order granting a further limited stay of the litigation for a period of approximately six months, through and including October 31, 2013 ("Stay Period").  The joint movants seek a further limited stay in this case, subject to the exceptions set forth below.

Because the moving parties' stipulation and joint motion for a stay is contingent upon the Court granting the concurrently filed motion to modify the Pretrial Scheduling Order recently issued by the Court (ECF No. 185), the motions are considered together and the motion for a stay is addressed first.

## BACKGROUND

This case arises from the alleged environmental contamination of soil underneath land that was formerly used as a dry-cleaning store.  Plaintiff Bel Air Mart is the current owner of the land and sues various defendants—former owners (and their insurers) that operated the site as a dry cleaner—to, in essence, order them to pay for the cleanup.  According to the moving papers, the Central Valley Regional Water Quality Board is studying the soil toward the creation of a Remedial Action Plan.

This case has been in litigation since late 2010.  Litigation has been stayed twice before, for six months each time.  After the most recent stay lifted, this Court issued a Pretrial Scheduling Order (ECF No. 185) ordering, among other things, discovery to be completed by January 17, 2014, and setting July 24, 2014, as the last date for dispositive motions.  Movants seek an order staying the litigation and modifying this scheduling order.

## MOVANTS' REQUESTED STAY

Movants jointly seek an order granting a further limited stay of the litigation for a period of approximately six months, through and including October 31, 2013 ("Stay Period").  Specifically, the moving parties seek a further limited stay to the above-captioned case (Case No. 2:10-CV-02392 MCE-EFB) (hereafter the "Present Litigation"), subject to the following exceptions:

1.    The parties to the Present Litigation may serve subpoenas to "unrelated third parties" that are directed solely to the location of insurance agreements under which a party may assert that an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2.    The parties to the Present Litigation may serve deposition notices upon, and seek to conduct depositions (or a mutually agreeable discovery alternative to deposition) of any individual for the purpose of preserving testimony where there is a substantial increased risk of unavailability of the individual to testify at the time of trial where the individual is of advanced age or in poor health.

3.    Defendant, Century Indemnity Company, as alleged insurer of the Estate of Ronald Armstrong may issue deposition subpoenas and/or notices to the following: Eric Thompson, Steve Dalton, Mark Field and Bel Air Mart pursuant to Federal Rule of Civil Procedure 30(b)(6).  These depositions may take place during the Stay Period, but will be limited to the issues of the demolition of the Arnold Cleaners Building and preservation of evidence related to contamination at the Arnold Cleaners site, including site investigations performed prior to and following the demolition of the Arnold Cleaners Building, only.

///
///
///

In the event that new information is gleaned from the depositions of Eric Thompson, Steve Dalton, Mark Field and Bel Air Mart pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Century and Plaintiff Bel Air Mart are not precluded from drafting further discovery or conducting further depositions, provided that such discovery and depositions are related to the demolition issue only.  The moving parties agree that they will not object to a request to conduct a further deposition of any of these individuals or entities after the expiration of the stay sought in this motion on the ground that the deponent has already been deposed in the Present Litigation pursuant to this paragraph; provided that no party may conduct any further depositions of any of these individuals or entities regarding the issues of the demolition of the Arnold Cleaners Building, or preservation of evidence related to contamination at the Arnold Cleaners site, in the Present Litigation.  Further, Defendant Century and Plaintiff Bel Air Mart are not precluded from bringing discovery motions, including motions to compel, and any dispositive motions, or motions for sanctions, that flow from information gained from the written discovery and/or the depositions related to the demolition issues.

4.       Defendant, the Estate of Ronald Armstrong has served one set of Requests for Production of Documents, one set of Special Interrogatories, and one set of Requests for Admissions upon Plaintiff Bel Air Mart.  Plaintiff Bel Air Mart provided written responses and objections to these discovery requests on or about March 15, 2013.

5.       The moving parties stipulate to conducting an additional mediation session on or before October 15, 2013.

6.       Except as expressly provided for in paragraphs 1-4, above, any and all discovery is stayed.  Any responses to previously served written discovery stayed by the Court pursuant to this Motion shall be served within 30 days of the expiration of the Stay Period, unless the response period is otherwise extended further by agreement of the party propounding the discovery; any deposition previously noticed, if any, may be re-noticed for a date not earlier than 30 days after the expiration of the Stay Period.

All rights and objections to any previously served discovery that exist as of the date of this Motion are maintained by the parties and may be timely asserted after the Stay Period has expired.

7.  Plaintiffs shall be allowed to undertake or continue any site activities as may be approved and/or directed by the Central Valley Regional Water Quality Control Board that are associated with the environmental contamination alleged in this matter, including, but not limited to, continued groundwater monitoring.

8.  Any response to any pleading, including any counterclaims or cross claims filed by any person or entity that would otherwise be due during the Stay Period will be stayed and will be due 30 days after the expiration of the Stay Period.

9.  The Stay Period provided by the Court shall not be considered, and each moving party agrees not to assert, plead or raise in any fashion any defense or avoidance based upon the expiration or running of any statute of limitations or any defense based upon laches, estoppel or the lapse or passage of time to occur during the pendency of this Motion or any limited stay ordered by the Court pursuant to this Motion.

10. If any party seeks relief from this limited stay, the party seeking such relief from the limited stay shall be required to meet and confer with the other parties to the Present Litigation regarding the request for relief from the limited stay and attempt to informally resolve the matter prior to filing a request for relief.  Relief from this limited stay may be granted only for good cause shown.

As part of this Motion, Movants also ask the Court to schedule a further joint status report to be filed on November 15, 2013, two weeks following the expiration of the Stay Period sought by their Motion.

///

///

///

///

///

# ANALYSIS

Movants argue a stay is appropriate because of ongoing settlement discussions, the balance of hardships between the parties stipulating to the stay and the non-stipulating parties, and the preservation of the Court's and parties' resources. (Joint Mot. Limited Stay Litigation; Mem. P. & A. Supp. ("Mot. Stay") 5:10–13, ECF No. 187.) Arrowood counters: "This litigation can sit stagnant no longer—[Bel Air Mart] filed suit more than **two and one-half years** ago and virtually **nothing** has been done since to advance this case beyond the pleading stage." (Arrowood's Opp'n Bel Air Mart's Mot. Third Stay Litigation ("Opp'n") 1:16–18, ECF No. 190 (emphasis in original).) In essence, Arrowood argues it will suffer prejudice while the stay is in effect primarily because "relevant evidence could be lost or destroyed [and] memories could fade," (id. at 8:8–9), and it contends the physical evidence in the soil beneath the dry cleaner site is "degrading and being lost daily." (Id. at 8:20–21.) Arrowood argues this "evidence is critical to determining whether" the toxic chemicals "PCE or TCE w[ere] released on the property during the time it was owned by John and Elise Burns," the parties who are insured by Arrowood. (Id. at 8:21–27.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

///
///
///
///

These competing interests include:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Id.

In this case, as the joint movants correctly point out in their reply, Arrowood has not shown prejudice would result from a stay. If anything, the absence of these toxic chemicals in the soil may reduce the amount of remediation Plaintiff will have to pay for, thereby reducing the overall damages. Further, any prejudice is mitigated by the fact that Arrowood has had access to soil samples from the Central Valley Regional Water Quality Board and will continue to have access under the terms of the stay. Further, Arrowood's argument is undercut by Movants' averments that Arrowood has not diligently pursued the discovery—it argues it desperately needs—in the time since the most recent stay was lifted. Because there is not a substantial risk of damage as a result of a stay and the parties are actively pursuing settlement, Movants have shown that the interests favor granting the joint motion for a stay.

Therefore, Movants' joint request for a stay, subject to the above limitations, is GRANTED. However, **the parties are cautioned** that, because this case has lingered on the docket for several years and because Arrowood raises several important concerns, **A FOURTH STAY WILL NOT LIKELY BE GRANTED ABSENT A SHOWING OF GOOD CAUSE OR SUBSTANTIAL NEED.**

///
///
///
///
///
///

## MODIFICATION OF PRETRIAL SCHEDULING ORDER

In light of the stay and after full consideration of the arguments presented by counsel, the representations and stipulations reflected in the supporting papers filed, and the papers and records on file in this action, and good cause appearing therefore, IT IS HEREBY ORDERED that the Joint Motion to Modify Pretrial Scheduling Order is GRANTED.

## CONCLUSION

For the reasons stated above:

1.     This case is HEREBY STAYED through and including October 31, 2013, subject to the limitations set forth above and in the parties' Joint Motion (ECF No. 187);

2.     The parties shall file a further joint status report on November 15, 2013, in accordance with E.D. Cal. Local Rule 240; and

3.     The Joint Motion to Modify Pretrial Scheduling Order (ECF No. 188) is GRANTED.  The Court will issue an Amended Pretrial Scheduling Order resetting all appropriate dates.

IT IS SO ORDERED.

DATED;  June 5, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT