DOWNEY BRAND LLP
STEVEN H. GOLDBERG (Bar No. 140039)
OLIVIA M. WRIGHT (Bar No. 240200)
ASHLEY M. PORTER (Bar No. 285305)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
sgoldberg@downeybrand.com
owright@downeybrand.com
aporter@downeybrand.com

Attorneys for Plaintiff and Counterdefendant
BEL AIR MART, a California corporation

LAW OFFICES OF JOHN C. LASSNER
JOHN C. LASSNER (Bar No. 71604)
1501 28th Street
Sacramento, CA 95816
Telephone: (916) 733-3510
Facsimile: (916) 733-3512
john@jlassnerlaw.com

Attorneys for Plaintiff and Counterdefendant
WONG FAMILY INVESTORS, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD CLEANERS, INC., et al.,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  2:10-CV-02392-MCE-EFB<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER STRIKING NEW ARGUMENTS AND EVIDENCE SUBMITTED FOR THE FIRST TIME IN CENTURY'S MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE, GRANTING LEAVE FOR PLAINTIFFS TO FILE A SUR-REPLY**<br><br>Date:　　December 19, 2013<br>Time:　　2:00 p.m.<br>Dept.:　　Courtroom 7, 14th Floor<br>Judge:　　Hon. Morrison C. England |

1

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs and Counterdefendants Bel Air Mart ("Bel Air") and Wong Family Investors, L.P., hereby bring this *ex parte* application for an order striking the new arguments and supporting evidence submitted for the first time in Century's Reply Brief in support of its motion for spoliation sanctions ("Reply"), or, alternatively, permitting Plaintiffs to file a sur-reply to address the new arguments and evidence. Plaintiffs' proposed Sur-Reply is attached hereto as Exhibit A. Plaintiffs intend to file the attached sur-reply concurrently herewith subject to the Court's ruling on this application to ensure that the parties have adequate time to respond in advance of the December 19, 2013 hearing.

This application is filed *ex parte* because Century's Motion for spoliation sanctions ("Motion") is set for hearing on Thursday, December 19, 2013, at 2:00 p.m.

**THE NEW ARGUMENTS AND EVIDENCE SUBMITTED IN CENTURY'S REPLY SHOULD BE STRICKEN, OR ALTERNATIVELY, PLAINTIFFS SHOULD BE GRANTED LEAVE TO ADDRESS THE NEW ARGUMENTS AND EVIDENCE IN A SUR-REPLY.**

It is improper for a party to raise new arguments or new evidence for the first time in a reply brief, and the Court has discretion to disregard late-filed factual matters. (*See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95, 110 S. Ct. 3177, 3192 (1990).) Local Rule 230(b) requires a moving party submit with the motion "affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion." "The court cannot grant a motion on a new argument or new evidence presented for the first time in a reply brief." (*Hamilton v. Willms*, No. 1:02-CV-6583 AWI SMS, 2007 WL 2558615, at *11 (E.D. Cal. Sept. 4, 2007); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").)

Century impermissibly introduces and relies on new arguments and new evidence presented for the first time in its Reply. Century newly argues that the fact that Bel Air asserted work product protection over certain information prepared or obtained before the Building demolition occurred in June and July 2008 proves that Bel Air was contemplating this cost recovery litigation. (Century's Reply, Dkt. No. 229, 3:25-4:22.) In support of this new assertion,

Century cites to additional deposition testimony and a privilege log provided by Bel Air in discovery. (*Id.*; Supplemental Declaration of Farheena Habib ("Habib Decl."), Dkt. No. 229-1, ¶¶ 2, 3, Exhibits A and B.)  This new evidence and new argument is not rebuttal, but is an untimely attempt to satisfy Century's burden to establish its burden to prove this element of its spoliation claim.  Century's motion cannot be granted based on this new evidence and argument, and Plaintiffs therefore request that the Court strike it.

Specifically, Plaintiffs request the Court strike the following new argument and evidence:

1. Paragraphs 2 and 3 of the Supplemental Declaration of Farheena Habib;
2. Exhibits A and B to the Supplemental Declaration of Farheena Habib; and
3. Century's Reply at 1:8-12, 1:16-20, 2:5-6, and 3:25-4:22.

If the Court is inclined to consider the new arguments and new evidence presented by Century for the first time in its Reply, Plaintiffs respectfully request that they be permitted to file the attached Sur-Reply to respond to Century's new arguments and evidence. (*See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998) (if the court relies on new material contained in a reply brief, it *must* afford the opposing party a reasonable opportunity to respond).)

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request an order striking the new arguments and new evidence from Century's Reply.  In the alternative, Plaintiffs ask the Court for permission to file the attached proposed Sur-Reply addressing this new factual material.

DATED: December 4, 2013                DOWNEY BRAND LLP

                                                     By:  */s/ Steven H. Goldberg*
                                                            STEVEN H. GOLDBERG
                                                            OLIVIA M. WRIGHT
                                                            Attorneys for Plaintiff and Counterdefendant
                                                            BEL AIR MART, a California corporation

DATED: December 4, 2013                LAW OFFICES OF JOHN C. LASSNER

                                                     By:  */s/ John C. Lassner*
                                                            JOHN C. LASSNER
                                                            Attorneys for Plaintiff and Counterdefendant
                                                            WONG FAMILY INVESTORS, L.P.

# EXHIBIT A

DOWNEY BRAND LLP
STEVEN H. GOLDBERG (Bar No. 140039)
OLIVIA M. WRIGHT (Bar No. 240200)
ASHLEY M. PORTER (Bar No. 285305)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
sgoldberg@downeybrand.com
owright@downeybrand.com
aporter@downeybrand.com

Attorneys for Plaintiff and Counterdefendant
BEL AIR MART, a California corporation

LAW OFFICES OF JOHN C. LASSNER
JOHN C. LASSNER (Bar No. 71604)
1501 28th Street
Sacramento, CA 95816
Telephone: (916) 733-3510
Facsimile: (916) 733-3512
john@jlassnerlaw.com

Attorney for Plaintiff and Counterdefendant
WONG FAMILY INVESTORS, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD CLEANERS, INC., et al.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:10-CV-02392-MCE-EFB<br><br>**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO CENTURY INDEMNITY COMPANY'S MOTION FOR DISMISSAL OF ACTION AS A SPOLIATION SANCTION, OR, IN THE ALTERNATIVE, FOR EVIDENTIARY SANCTIONS AND MONETARY SANCTIONS**<br><br>Date:　　December 19, 2013<br>Time:　　2:00 p.m.<br>Dept.:　　Courtroom 7, 14th Floor<br>Judge:　　Hon. Morrison C. England |

1

Plaintiffs and Counterdefendants Bel Air Mart ("Bel Air") and Wong Family Investors, L.P., hereby submit this Sur-Reply in opposition to the motion of Century Indemnity Company ("Century"), insurer of Defendant The Estate of Ronald G. Armstrong, Deceased, pursuant to California Probate Code section 550 *et seq.*, seeking sanctions for alleged spoliation of evidence.

## I.   INTRODUCTION

The Reply filed by Century in support of its motion for spoliation sanctions improperly attempts to introduce new arguments and new evidence that Century was required to raise, if at all, in its initial moving papers. Century's new arguments and evidence are not raised in rebuttal to Plaintiffs' opposition, but rather are an improper attempt by Century to correct its failure to support its claim that Bel Air was contemplating this litigation before the demolition of the former Arnold Cleaners building (the "Building") with sufficient evidence to meet its burden of proof. Century's failure to support this argument in its moving papers should be fatal to its motion for spoliation sanctions because, without such evidence, Century cannot prove that the alleged spoliation occurred.

## II.   CENTURY'S NEW ARGUMENT AND EVIDENCE DOES NOT DEMONSTRATE THAT BEL AIR REASONABLY FORESAW THIS LITIGATION

In its reply in support of its motion for spoliation sanctions, Century argues for the first time that the fact that Bel Air asserted work product protection over certain information before the Building demolition occurred (June and July 2008) proves that Bel Air was contemplating this cost recovery litigation. (Century's Reply, Dkt. No. 229, 3:25-4:22.)

In Century's motion for spoliation sanctions, Century failed to prove its claim that Bel Air was contemplating this cost recovery litigation before or at the time Building was demolished and the footprint paved. (*See* Plaintiffs' Opposition, Dkt No. 221, 10:21-14:5.) Century bears the burden to prove that spoliation occurred, which includes the burden to prove by at least a preponderance of the evidence that this cost recovery litigation was reasonably foreseeable based on the facts known to Bel Air at the time of the demolition. (*See Rev 993 LLC v. Mouren-Laurens*, CV 98-10690, 2009 WL 273205, *1 (C.D. Cal. Feb. 2, 2009).) In its initial moving papers, Century cited only to four "facts," which did not actually show that cost recovery

2

1 litigation was more than a mere possibility: (1) that Bel Air was represented by counsel, (2) that Bel Air knew the property had some low levels of PCE contamination, (3) that Bel Air was interested in pursuing the site investigation, and (4) that Bel Air did not agree to release the current Arnold Cleaners operator from environmental claims in settlement of an unlawful detainer action. (*See* Century Motion, Dkt. No. 205, 8:1-10:10.) From these facts, Century asked the Court to make a logical leap to infer that Bel Air's counsel must have advised it regarding cost recovery litigation, that cost recovery litigation is always more than a possibility whenever there is any level of contamination at a property, that cost recovery litigation against the current operator was more than a possibility at the time Bel Air settled the unlawful detainer suit, and that Bel Air was interested in pursuing cost recovery against the former operators of Arnold Cleaners. (*Id.*) None of the evidence provided by Century actually showed that cost recovery litigation was more than a possibility in or before July 2008. (Plaintiffs' Opposition, 10:21-13:2.) Accordingly, Century did not meet its burden to prove this element of its spoliation claim.

Century's new argument and supporting evidence is an improper attempt by Century to remedy this failure to satisfy its burden of proof, a failure that should be fatal to its request for spoliation sanctions. Moreover, the new evidence and argument presented by Century still does not prove Century's claim that Bel Air was contemplating *this* litigation before the Building demolition. Century wants the Court to draw an unsupported inference, namely, that because work product information existed before the Building demolition, the work product must have been prepared in anticipation of this cost recovery litigation. Century has not supported this inference with anything but bare speculation and innuendo.

Once again, Century's argument improperly turns the burden of proof on its head. It is not Bel Air's burden to prove that it did NOT spoliate evidence; rather it is Century's burden to show with admissible evidence, not supposition, that sanctionable spoliation occurred. (*See Rev 993 LLC v. Mouren-Laurens*, CV 98-10690, 2009 WL 273205, *1 (C.D. Cal. Feb. 2, 2009) (internal citations omitted).) The fact that Bel Air prepared or obtained work product information in anticipation of *some* legal action prior to July 2008 does not satisfy this burden because it does not prove, by at least a preponderance of the evidence, that Bel Air was contemplating this

CERCLA cost recovery litigation or any other litigation for which Bel Air had notice the former Arnold Cleaners building might be relevant. This work product was prepared in connection with a potential environmental regulatory enforcement action, an entirely different matter.

The work product doctrine protects materials prepared or received in anticipation of a legal action or for trial. (Fed. R. Civ. Proc. 26(b)(3); *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989).) This includes materials prepared or received in anticipation of a potential environmental regulatory action. See e.g. *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900, 910 (9th Cir. 2004) (environmental clean-up documents created by an attorney's consultant in response to an administrative agency request qualified as protected work product in a grand jury proceeding).) Bel Air prepared and received work product materials relating to this Site between August 2007 and July 2008 in anticipation of potential regulatory enforcement by Sacramento County or the State Water Resources Control Board relating to the pollutants in the subsurface. (*See* Dalton Depo., 80:3-14, Exhibit 60 (in October 2007, counsel was interested in cooperating with the County on the site investigation); Gates Depo., 75:9-19 (counsel was involved as of March 2008 "to make sure we didn't do anything that might have been inappropriate with the county").) All of the materials for which Bel Air claimed work product protection cited in Century's reply related to the potential for enforcement by a regulatory agency. There is no evidence that Bel Air was contemplating any other legal action, and the assertion of the work product privilege for documents created while regulatory agencies were overseeing the investigation of the site does not suggest otherwise. On the contrary, the evidence supports Bel Air's position that it was not. (*See* Gates Depo., 69:11-18 (Bel Air's manager of store design testified that the construction manager and the director of facilities never mentioned any legal issues relating to the site).) Bel Air would have no reason to believe the former Arnold Cleaners building might be relevant to such a regulatory action concerned only with remediation of the pollution in the subsurface. Century's speculation regarding the purpose for the work product information at issue falls far short of meeting Century's burden of proof.

///

### III. CONCLUSION

For the reasons stated herein and in Plaintiffs' opposition to Century's motion for spoliation sanctions, even considering the new argument and evidence submitted by Century in its reply, Century has not met its burden to prove that Bel Air engaged in any sanctionable conduct. This is fatal to Century's spoliation motion. Therefore, Bel Air respectfully requests that the Court deny Century's motion for sanctions in its entirety.

DATED: December 4, 2013        DOWNEY BRAND LLP


By: _____/s/ Steven H. Goldberg_____
    STEVEN H. GOLDBERG
    OLIVIA M. WRIGHT
    Attorneys for Plaintiff and Counterdefendant
    BEL AIR MART, a California corporation

DATED: December 4, 2013        LAW OFFICES OF JOHN C. LASSNER


By: _____/s/ John C. Lassner_____
    JOHN C. LASSNER
    Attorneys for Plaintiff and Counterdefendant
    WONG FAMILY INVESTORS, L.P.