DOWNEY BRAND LLP
STEVEN H. GOLDBERG (Bar No. 140039)
OLIVIA M. WRIGHT (Bar No. 240200)
ASHLEY M. PORTER (Bar No. 285305)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
sgoldberg@downeybrand.com
owright@downeybrand.com
aporter@downeybrand.com

Attorneys for Plaintiff and Counterdefendant
BEL AIR MART, a California corporation

LAW OFFICES OF JOHN C. LASSNER
JOHN C. LASSNER (Bar No. 71604)
1501 28th Street
Sacramento, CA 95816
Telephone: (916) 733-3510
Facsimile: (916) 733-3512
john@jlassnerlaw.com

Attorney for Plaintiff and Counterdefendant
WONG FAMILY INVESTORS, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD CLEANERS, INC., et al.,<br><br>　　　　　　Defendants. | Case No.  2:10-CV-02392-MCE-EFB<br><br>**SUPPLEMENTAL DECLARATION OF JOSEPH NILAND IN SUPPORT OF PLAINTIFFS' OPPOSITION TO INDEMNITY COMPANY'S MOTION FOR DISMISSAL OF ACTION, OR, IN THE ALTERNATIVE, FOR EVIDENTIARY SANCTIONS AND MONETARY SANCTIONS** |
| AND RELATED COUNTERCLAIMS | Date:　　December 19, 2013<br>Time:　　2:00 p.m.<br>Dept.:　　Courtroom 7, 14th Floor<br>Judge:　　Hon. Morrison C. England |

1

SUPPLEMENTAL DECLARATION OF JOSEPH NILAND

I, JOSEPH NILAND, declare as follows:

1. I have been retained by Bel Air Mart ("Bel Air") to respond to the November 27, 2013 supplemental declaration of Ms. Anne Gates ("Supplemental Gates Declaration"), expert witness for Century Indemnity Company ("Century"), insurer for Defendant The Estate of Ronald G. Armstrong (Docket No. 229-8). Unless otherwise specified, I have personal and first-hand knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

2. I am a Principal Hydrogeologist with Geosyntec Consultants, Inc. ("Geosyntec") in Sacramento, California. I have over 28 years of experience as an environmental consultant, with special emphasis on site investigation, regulatory compliance, hydrogeology, remediation, and fiscal management. I have managed investigation and remediation projects of all scales for public and private clients throughout California and the Western United States. I have been a registered Professional Geologist in California since 1992 (PG #5545) and I have worked with the Central Valley Regional Water Quality Control Board ("CVRWQCB") in Sacramento on sites similar to the subject site (the "Arnold Cleaners Site") for over 23 years. My relevant experience is detailed in my initial declaration, (Dkt. No. 221-3), and Exhibit A thereto. As stated in my earlier declaration, I have personal knowledge regarding the former Arnold Cleaners Site. I have been involved at the Site since March 2012. I oversaw and participated in Geosyntec's review of the Site history and Site investigation work and I was involved in the evaluation and selection of remedial actions in preparation of the Remedial Action Plan ("RAP") submitted to the CVRWQCB on August 10, 2012 and the Amendments submitted to the CVRWQCB on September 14, 2012 and November 12, 2013.

3. Because of my experience and expertise, I have been retained by Bel Air as an expert to rebut the opinions raised in the Supplemental Gates Declaration. I make this declaration in support of Bel Air's opposition to Century's motion for spoliation sanctions.

4. The opinions set forth in the Supplemental Gates Declaration are inherently unreliable in that Ms. Gates did not base her opinions on sufficient facts or data and did not reasonably apply scientific principles to the facts and data. For several of her opinions, Ms. Gates

does not cite to any supporting facts or data, and for her remaining opinions Ms. Gates only cites to selective data while ignoring the complete site investigation data and historical evidence. It is not possible to reach the opinions set forth in the Supplemental Gates Declaration without evaluating all the available site investigation data and other available evidence, such as the photographs, documents produced by the County of Sacramento, and the testimony of the former owners and operators of Arnold Cleaners and the contractors and Bel Air employees who participated in the Building demolition and subsequent paving of the former Building footprint. Ms. Gates has no personal experience with the Site and apparently did not receive or chose not to consider this available evidence. In addition, Ms. Gates mischaracterizes my statements in my initial declaration. Thus, Ms. Gates' rebuttal opinions are not reliable because they attempt to rebut opinions that I did not assert. In support of several opinions, Ms. Gates speculates that facts might exist without citing to any evidence or data indicating that, at this particular Site, such facts are correct (*e.g.*, Supplemental Gates Declaration, ¶ 7.B.). The opinions set forth in the Supplemental Gates Declaration are purely speculative and therefore are not reliable.

5. Ms. Gates' opinions are also unreliable because, in addition to failing to consider the complete site investigation data and available evidence regarding the historical operations at the Site and the condition of the Building prior to demolition, Ms. Gates does not reliably apply scientific principles to the limited facts she does consider. For example, Ms. Gates repeatedly opines that pavement outside of the former Building footprint was excavated based on her interpretation of an aerial photograph, and ignores the significant evidence to the contrary including the testimony of the general contractor who oversaw the demolition (Thompson, 2013). Ms. Gates also repeatedly opines that the soil underneath the former Arnold Cleaners suite was mixed or aerated during the Building demolition, and ignores the contrary sworn statement of the contractor who actually performed the aeration activities (Robinson Declaration). Ms. Gates also ignores Site conditions and history when evaluating sampling data, such as whether historic PCE use or storage occurred in the area where the sample was taken, whether there were any seams in the asphalt through which PCE could travel (*e.g.,* photographs show a seam between a concrete walkway and the asphalt parking lot behind the Arnold Cleaners building near SV-10), and

3

subsurface conditions at the sample point that would impact the path and transport of PCE such as soil permeability. Therefore, despite Ms. Gates' consideration of very limited data, her opinions are nevertheless speculative and unreliable, including without limitation Ms. Gates' contentions that the soil surrounding SV-10 was disturbed, that the contamination is due to something other than the known releases of PCE, that the spatial variation in concentration is due to soil disturbances, and that the areas of soil disturbed during demolition are greater than reported by construction personnel.

6. Considering both the opinions set forth in the initial Gates Declaration and the new opinions set forth in the Supplemental Gates Declaration, Ms. Gates has not established a reliable factual and scientific basis, based on the Site specific facts and data, that the absence of the Building prevents her from forming opinions on critical issues, such as when and how the releases occurred and the extent of the soil and groundwater contamination at the Site.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on December 4, 2013, at Sacramento, California.

JOSEPH NILAND

4

SUPPLEMENTAL DECLARATION OF JOSEPH NILAND