UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>ARNOLD CLEANERS, INC., et al.,<br><br>        Defendants. | Case No.  2:10-cv-02392-MCE-EFB<br><br>**ORDER ON JOINT STIPULATION ON ADMISSIBILITY OF DEPOSITION TESTIMONY TAKEN IN COVERAGE ACTION** |
| AND RELATED COUNTERCLAIMS | The Honorable Morrison C. England, Jr. |

After full consideration of the representations and agreements reflected in the Joint Stipulation on Admissibility of Deposition Testimony Taken in the Coverage Action filed by Plaintiffs Bel Air Mart and Wong Family Investors, L.P., together with Defendants R. Gern Nagler as Trustee of the John W. Burns Testamentary Trust, and Robert Gern Nagler, Ralph Armstrong, Yolanda Panattoni, Arnold Cleaners, Inc., Han Hoi Joo, Chang Sun Joo, Peter Kim, The Estate of Ronald G. Armstrong, Deceased, by and through its alleged insurer Century

1

Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company Of North America, pursuant to California Probate Code section 550 *et seq.*, and The Estate of John W. Burns and The Estate of Elice G. Burns, by and through their insurer Arrowood Indemnity Company, pursuant to California Probate Code section 550 *et seq.* (collectively, the "Parties"), the Joint Stipulation on Admissibility of Deposition Testimony is approved, and

IT IS HEREBY ORDERED that:

1. The deposition testimony of Melva Jo Kirby Armstrong, Han Hoi Joo, and Peter Kim, Joseph Armstrong, Craig Yamane, Lowell Baker, Mike Lawson, Patrina Serpa, Valerie Osmun, and Mark Field and Linda Kelley on behalf of Bel Air Mart pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, (collectively, the "Deponents"), taken in the action entitled *Arrowood Indemnity Company, et al. v. Bel Air Mart, et al.*, pending in the United States District Court, Eastern District of California, Case No. 2:11-CV-00976-JAM-DAD (the "Coverage Action"), (the "Deposition Testimony") may be used for any purpose allowed under Federal Rules of Civil Procedure 32(a) as if the deposition testimony was taken in the above entitled action (the "CERCLA Action").

2. The Parties have waived and may not assert any objection to the admissibility of the Deposition Testimony on the following grounds:

    a. That the Party was not present or represented at the taking of the Deposition Testimony or that the Party did not have reasonable notice of the Depositions, (Fed. R. Civ. Proc. 32(a)(1)(A));

    b. That the Party received less than 14 days' notice of the Deposition and promptly moved for a protective order and such motion was pending when the Depositions were taken, (Fed. R. Civ. Proc. 32(a)(5)(A)); and

    c. That the Deponent was substituted under Rule 25 of the Federal Rules of Civil Procedure, (Fed. R. Civ. Proc. 32(a)(7).)

///

///

///

3. All objections to the admissibility of the Deposition Testimony, or any part thereof, not specifically waived in Paragraph 2 are reserved.

IT IS SO ORDERED.

Dated: June 24, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT