UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD CLEANERS, INC. et al.,<br><br>    Defendants. | No. 2:10-cv-02392-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

   In September 2010, Plaintiffs Bel Air Mart ("Bel Air") and Wong Family Investors, L.P. ("WFI") (collectively, "Plaintiffs"), filed this environmental cleanup action against numerous defendants. Plaintiffs seek recovery for property damage and cleanup costs caused by contamination from a dry cleaning facility ("the Facility") formerly operated on the real property located at the southeast corner of Arden Way and Eastern Avenue in Sacramento, California (the "Property"). Defendants in this case include parties who allegedly owned and/or operated the Facility, or owned and/or operated the Property, for various periods of time from an uncertain date before the 1970s through about 2007. Plaintiffs' claims against the Defendants include claims for Cost Recovery pursuant to section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"); contribution pursuant to California Health and Safety Code section

25300; Declaratory Relief pursuant to CERCLA section 113(g), 42 U.S.C. § 9613(g); Declaratory Relief pursuant to 28 U.S.C. § 2201; Equitable Indemnification; Declaratory Relief for Equitable Indemnification; Contribution under state common law; Negligence; Negligence Per Se; Private Nuisance pursuant to California Civil Code section 3479; Nuisance Per Se; Trespass; and Breach of Contract.  See First Amended Complaint, Dec. 9, 2010, ECF No. 7.  As discussed below, two motions by Defendants and Counterclaimants R. Gern Nagler, as trustee of the John W. Burns Testamentary Trust and Robert Gern Nagler (collectively, "Nagler") are currently pending before this Court, ECF Nos. 246, 247.[1]

## BACKGROUND[2]

Nagler had an ownership interest in the real Property that is the subject of this litigation from December 1980 to April 1988.  In October 1984, Nagler and Bel Air entered into a written lease for the property.  Plaintiffs named Nagler as one of the Defendants in its action for damages and cleanup costs resulting from the contamination.

On January 31, 2011, Nagler filed a Counterclaim against Plaintiffs and the former owners/operators of the facility who are named defendants in the underlying action.  See ECF No. 38.  On February 2, 2011, Nagler filed a First Amended Counterclaim alleging claims for Negligence, Declaratory Relief, Equitable Indemnity and Contribution.  See ECF No. 41.  On November 4, 2013, Nagler filed a motion for leave to file a Second Amended Counterclaim.  See ECF No. 214.  Nagler sought to add additional theories of

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).  See ECF No. 254.

[2] Because the parties are familiar with the background of this case, this section recites only a general overview of the facts, as well as the additional facts contained in the two pending motions.  These facts are taken, at times verbatim, from Nagler's Motion for Leave to File Third-Party Complaint, ECF No. 246, and from Nagler's Motion to Amend the Counterclaim, ECF No. 247.  Additional facts may be found in the Court's previous Order, February 24, 2014, ECF No. 245.

recovery under (1) breach of contract, (2) contribution pursuant to CERCLA § 113(f), and (3) Hazardous Substance Statutory Indemnity.  See ECF 214-4.  The Court granted Nagler leave to amend his Counterclaim with new claims for indemnity and contribution, but denied without prejudice his proposed Counterclaim with a breach of contract claim.  See Order, ECF No. 245.  Now, Nagler now seeks leave to file a second amended counterclaim for breach of contract.  ECF No. 247.  Plaintiffs oppose Nagler's Motion.  ECF No. 250.

By way of a separate Motion, Nagler also sought leave to file an additional Third-Party Complaint against the Wong family members, individually and in their capacities as trustees for their respective trusts, for breach of guaranty and/or liability as general partners of WFI, under section 15643 of the California Corporations Code.  Mot., Nov. 3, 2013, ECF No. 215.  Specifically, Nagler sought leave of the Court to file a third-party complaint against eight individuals, the "Wong Individuals," and to assert six claims that he included in his proposed second amended counterclaim against Plaintiffs: negligence, declaratory relief, equitable indemnity, contribution, hazardous substance statutory indemnity and contribution pursuant to CERCLA, as well as a new claim for breach of guaranty.  See id.  The Court denied Nagler's motion for leave to file an additional Third-Party Complaint without prejudice.  Order, ECF No. 245.  Now, Nagler seeks leave to file a Third-Party Complaint against the surviving "Wong Individuals" for breach of guaranty only.  ECF No. 246.  Plaintiffs oppose Nagler's Motion.  ECF No. 251.

This case was stayed on multiple occasions, notably from October 6, 2011, to January 31, 2012, from June 4, 2012 to October 31, 2012, and from June 5, 2013, until October 31, 2013.  See, e.g., ECF No. 198.  Nagler filed his initial motions on November 4, 2013, shortly after the third stay was lifted.  Discovery in this case is ongoing and does not close until September 25, 2014.  See Second Amended PTSO, ECF No. 261.

///

3

For the following reasons, Nagler's renewed motions for leave to file a Second Amended Counterclaim, ECF No. 247, and for leave to file a Third-Party Complaint, ECF No. 246, are GRANTED.

## STANDARD

This Court's July 25, 2013, Amended Pretrial Scheduling Order[3] requires that a party seek leave of the Court to amend its pleadings and that good cause be shown before amendments to pleadings are permitted.  See ECF No. 202.  Therefore, Nagler must meet the Rule 16 standard of good cause and the Rule 15 standard for amendment of pleadings.  Similarly, with respect to Nagler's motion for leave to file a third-party complaint, he must meet the Rule 16 standard of good cause and the Rule 14(a) standard for impleader.

### A.   Amendment under Rule 16(b)

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court.  Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  Johnson, 975 F.2d at 609.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); id.  Moreover, carelessness is not compatible with a finding of diligence

---

[3] The Court's July 2, 2014 Second Amended Pretrial Scheduling Order contains the same requirement.  See ECF No. 261.

and offers no reason for a grant of relief.  Johnson, 975 F.2d at 609.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  If the moving party was not diligent, the Court's inquiry should end.  Id.

### B.   Amendment under Rule 15

The court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Generally, the five factors of bad faith, undue delay, prejudice to opposing party, futility of amendment and whether plaintiff has previously amended complaint are considered when assessing the propriety of a motion to amend.  Ahlmeyer v. Nevada Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

### C.   Impleader under Rule 14

Federal Rule of Civil Procedure 14 permits parties to bring a lawsuit against, or "implead," a third-party who is not already a party to the lawsuit in order to transfer liability being asserted against it in the underlying lawsuit.  Specifically, Rule 14 provides:

> ... at any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a).

Rule 14 is to be construed liberally in favor of allowing impleader.  Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).  However, the District Court has broad discretion in determining the propriety of a third-party claim under Rule 14.  See Sw. Admin., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).  The Court is to consider all relevant factors of each individual case including whether the delay in seeking leave was excusable and whether the delay would prejudice a party.  In

///

1  addition, the Court does not abuse its discretion by denying an application that will
2  disadvantage an existing action.  Id.

## ANALYSIS

**A.     Nagler's Motion for Leave to File an Amended Counterclaim**

As set forth above, Nagler seeks leave to file a second amended counterclaim for breach of contract.  ECF No. 247.  Plaintiffs oppose Nagler's Motion on the following grounds:  (1) Nagler's proposed counterclaim for breach of contract is futile; (2) Nagler unduly delayed in seeking leave to amend; and (3) Nagler's proposed amendment at this late date would prejudice Plaintiffs.

First, as this Court explained in its February 24, 2014, Memorandum and Order, the Court finds that Nagler acted with reasonable diligence in amending his existing Counterclaims for the purposes of Rule 16 and the general strictures of Rule 15 thus apply.  See ECF No. 245 at 11-12.

In rejecting Nagler' previous attempt to amend his counterclaims to include a claim for breach of contract, this Court found that this claim was futile as alleged because it did not state a claim upon which relief can be granted.  ECF No. 245 at 14-15.  Specifically, the Court concluded that Nagler failed to allege sufficient facts to allow him to overcome the four-year statute of limitations on contract claims under California law.  See id.; April Enterprises, Inc. v. KTTV, 147 Cal. App. 3d 805, 826-27 (1983) (explaining that "a cause of action under the discovery rule accrues when the plaintiff discovers or should have discovered all facts essential to his cause of action . . . this has been interpreted under the discovery rule to be when plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence"); see also William L. Lyon & Assocs., Inc. v. Superior Court, 204 Cal. App. 4th 1294, 1310 (2012), as modified on

///

denial of reh'g (May 11, 2012), review denied (July 25, 2012) (applying the discovery rule to a breach of contract claim).

> The discovery rule itself contains procedural safeguards protecting against lengthy litigation on the issue of accrual. It presumes that a plaintiff has knowledge of injury on the date of injury. In order to rebut the presumption, a plaintiff must plead facts sufficient to convince the trial judge that delayed discovery was justified. And when the case is tried on the merits the plaintiff bears the burden of proof on the discovery issue.

William L. Lyon & Assocs., Inc., 204 Cal. App. 4th at 1310. The Court concluded that Nagler's first attempt to add a breach of contract claim failed because the proposed claim, as initially pled, did not set forth facts sufficient to convince the Court that delayed discovery was justified. In fact, Nagler's initial proposed cause of action, ECF No. 214-4 at 11, contained no facts relating to discovery of the breach of contract claim.

In his renewed motion, Nagler now contains sufficient new facts relating to discovery of the breach of contract claim to satisfy the requirements of California's discovery rule at this stage in the proceedings with respect to an alleged breach of the Nagler Lease.[4] See ECF No. 247-3 at 2-15. Therefore, the Court concludes that Nagler's amended proposed breach of contract claim no longer fails on these grounds.[5]

In addition to arguing that Nagler's proposed counterclaim is futile, Plaintiffs oppose Nagler's motion on the grounds that he unduly delayed in seeking leave to amend, and that his proposed amendment at this late date would prejudice Plaintiffs. See generally Opp'n, ECF No. 250. However, the Court rejects Plaintiffs' assertion with respect to undue delay as it has already determined that Nagler acted with reasonable diligence in seeking leave to amend his existing Counterclaims. See ECF No. 245 at

---

[4] Plaintiffs also argue that Nagler has failed to state a claim for breach of Paragraph 12 of the Nagler Lease against Bel Air because the facts alleged in the Proposed Second Amended Counterclaim do not show a breach of that provision. See Opp'n, ECF No. 250. The Court finds that for the purposes of determining whether the amended counterclaim is futile at this stage, Nagler's allegations are sufficient.

[5] Plaintiffs, of course, may renew their contention that Nagler's breach of contract claim is barred by the statute of limitations at a later stage. At this point in time, Nagler's allegations are sufficient with respect to California's Discovery Rule.

7

11-12. With respect to Plaintiffs' objections on the grounds that proposed amendment will prejudice Plaintiffs, the Court does not find that Plaintiffs have identified any real prejudice that cannot be remedied through, for example, discovery extensions.[6] Thus, the Court GRANTS Nagler leave to file a second amended counterclaim for breach of contract, ECF No. 247.

### B. Nagler's Motion for Leave to File a Third-Party Claim (ECF No. 246)

As set forth above, Nagler also initially sought leave to file an additional Third-Party Complaint against the Wong family members, individually and in their capacities as trustees for their respective trusts, for breach of guaranty and/or liability as general partners of WFI, under section 15643 of the California Corporations Code. Mot., Nov. 3, 2013, ECF No. 215. Specifically, Nagler sought leave of the Court to file a Third-Party Complaint against the Wong Individuals, and to assert six claims that he included in his proposed second amended counterclaim against Plaintiffs: negligence, declaratory relief, equitable indemnity, contribution, hazardous substance statutory indemnity and contribution pursuant to CERCLA, as well as a new claim for breach of guaranty. See id.

The Court denied Nagler's motion without prejudice because it found that he was not diligent in bringing the additional claims against the newly named individuals. Order, ECF No. 245. Specifically, the Court noted that years earlier in 2011, Nagler brought several of the same claims based on the same facts against Plaintiffs. The Court

---

[6] To the extent that Plaintiffs object to Nagler's proposed amendment on the basis that certain witnesses have passed away, the court notes that the untimely death of witnesses is, unfortunately, a scenario that occurs in all types of litigation and which can be remedied in a variety of ways. Moreover, Plaintiffs assertion that "Nagler has already asserted numerous other claims against Plaintiffs under various other legal theories seeking to recover for the same harm alleged in his proposed counterclaim" suggests that any potential prejudice to Plaintiffs will be minor. Opp'n, ECF No. 150 at 15. Because discovery relating to these similar claims is ongoing, Plaintiffs are not prejudiced by the inclusion of Nagler's amended contract claim. Cf. Bleiler v. Cristwood Contracting Co., Inc., 868 F. Supp. 461, 463 (D. Conn. 1994) aff'd in part, rev'd in part on different grounds sub nom. Bleiler v. Cristwood Const., Inc., 72 F.3d 13 (2d Cir. 1995) ("Permitting a proposed amendment also may be prejudicial if discovery already has been completed, but this concern may be alleviated if the new claim arises from a similar set of operative facts and a similar time as the existing claims."); Citizens & S. Sec. Corp. v. Braten, 733 F. Supp. 655, 660 (S.D.N.Y. 1990) ("Prejudice has been found when proposed amendment contained an unexpected allegation or defense. Prejudice may also occur when the proposed amended pleading is interposed after the completion of discovery, or is based upon a new set of operative facts.") (internal citations omitted).

1  explained that Nagler could have, at the very least, brought the negligence, declaratory
2  relief, equitable indemnity and contribution claims against these eight third-party
3  defendants when he brought his initial and amended Counterclaims, yet he neglected to
4  do so and failed to adequately explain why he could not have done so.  The Court also
5  noted that although Rule 14 is to be construed liberally in favor of allowing impleader,
6  Nagler's proposed Third-Party Complaint would unnecessarily complicate the litigation.
7  Now, Nagler again seeks to file a Third-Party Complaint, but has limited his proposed
8  complaint to a single claim for breach of guaranty and seeks only to bring this claim
9  against the surviving Third-Party Defendants.[7]  Mot., ECF No. 246.  Plaintiffs oppose
10 Nagler's Motion.  ECF No. 251.

11       The Court is satisfied that Nagler's abandonment of his claims for negligence,
12 declaratory relief, equitable indemnity and contribution against the eight previously
13 named individuals eliminates the Court's concerns as it relates to whether or not Nagler
14 was diligent in bringing claims that could have been presented to the Court.  Although
15 Nagler failed to adequately explain why he could not have brought those claims at an
16 earlier point in time, the Court finds that Nagler's guarantee claim is timely as it relates to
17 the contract claim discussed above.  Moreover, the guarantee claim will not overly
18 complicate this case because, if Nagler prevails on the breach of contract claim, he may
19 be entitled to compensation from the guarantors and the guarantee claim requires little
20 more in terms of discovery.  Nagler is GRANTED leave to file his proposed Third-Party
21 Complaint against Paul Wong, Gene Wong and Lily Fong only.
22 ///
23 ///
24 ///
25 ///

---

26  [7] Nagler's moving papers name Bill Wong, Gene Wong, Paul Wong and Lillie Fong as proposed
27  Third-Party Defendants with respect to his proposed breach of guaranty claim.  ECF No. 246.  However, in his Reply, Nagler explains that he did not intend to name Bill Wong as a Third-Party Defendant.  See Reply, ECF No. 252 at 2 n.1.  Nagler may only name Paul Wong, Gene Wong and Lily Fong as Third-
28  Party Defendants when filing his Third-Party Complaint.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Nagler's Motion for Leave to File a Second Amended Counterclaim, ECF No. 247, is GRANTED. Not later than five (5) days following the date this Order is electronically filed, Nagler must file his Second Amended Counterclaim as set forth in his Motion. However, if Nagler fails to do so, no further leave to amend this Counterclaim will be permitted and Nagler's instant motion will be denied with prejudice; and

2. Nagler's Motion for Leave to File a Third-Party Complaint, ECF No. 246, is GRANTED. Not later than five (5) days following the date this Order is electronically filed, Nagler must file his Third-Party Complaint as set forth in his Motion. However, if Nagler fails to do so, no further leave to file his amended Third-Party Complaint will be permitted, and Nagler's instant motion will be denied with prejudice.

IT IS SO ORDERED.

Dated: August 11, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT