UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD CLEANERS, INC. et al.,<br><br>    Defendants. | No.  2:10-cv-02392-MCE-EFB<br><br><br><br>**ORDER** |

   In September 2010, Plaintiffs Bel Air Mart ("Bel Air") and Wong Family Investors, L.P. ("WFI") (collectively, "Plaintiffs"), filed this environmental cleanup action against numerous defendants.  Plaintiffs seek recovery for property damage and cleanup costs caused by contamination from a dry cleaning facility.  Defendants in this case include parties who allegedly owned and/or operated the Facility, or owned and/or operated the Property, for various periods of time from an uncertain date before the 1970s through about 2007.

   Since the filing of this action, the parties have engaged in numerous settlement discussions, including mediations before Robert J. Kaplan with Judicate West in October 2012 and before Lester Levy of JAMS in October 2013 and July 2014, in an attempt to resolve this matter.  The parties now report that "[i]n light of the significant progress made to date, [they] have confidence that, given sufficient additional time to continue

their settlement discussions, a global settlement of this action would likely be achieved." ECF No. 277.

On September 5, 2014, all parties who have appeared in this action, with the exception of Defendants Yolanda Panattoni and Ralph Armstrong, signed and submitted to the Court a Stipulation and Request asking that the Court modify the Second Amended Pretrial Order and that it set a mandatory settlement conference with mediator Lester Levy of JAMS. See ECF No. 277. On September 9, 2014, the Court granted the parties' request in part and reset the new fact discovery cut off in this matter for November 10, 2014.[1] See ECF No. 279. However, the Court deferred ruling on the parties' request for a mandatory settlement conference and ordered that any party who did not join that request file either an Opposition or Statement of Non-Opposition within seven days. See id. Thereafter, Defendants Yolanda Panattoni and Ralph Armstrong, the two parties who have appeared in this action but who did not join the request, filed statements of non-opposition. See ECF No. 280, 283.[2]

Good cause appearing, the Court GRANTS the parties' request for a mandatory settlement conference as proposed. See ECF Nos. 277, 284. Therefore, all parties, their counsel and their insurers are ORDERED to attend a mandatory settlement conference on September 24, 2014, before mediator Lester Levy of JAMS, in the event the parties have been unable to reach a global settlement by that date. Such parties are ORDERED to attend the settlement conference in person, with full settlement authority or be fully authorized to settle the matter on any terms.[3] The parties are reminded that

---

[1] In its Minute Order, the Court adopted all of the parties' proposed new scheduling deadlines (ECF No. 277 at 9-10), set the new fact discovery cutoff for November 10, 2014, and informed the parties that an amended scheduling order is forthcoming. See ECF No. 279. The parties are advised to scrupulously review the forthcoming amended scheduling order as the dates may be modified slightly due to other matters on the Court's calendar.

[2] As noted by the Requesting Parties, two remaining defendants, Melva Jo Kirby Armstrong and Claudine Babin-Armstrong, have been served but have not yet appeared or participated in this action in any way.

[3] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences. . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d

pursuant to Local Rule 160, when an action has been settled or otherwise resolved by agreement of the parties, it is the duty of counsel to immediately file a notice of settlement or resolution.

IT IS SO ORDERED.

Dated: September 19, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).