UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEL AIR MART, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARNOLD CLEANERS, INC., et al.,<br><br>        Defendants. | No.  2:10-cv-02392-MCE-EFB<br><br>**ORDER** |

The Court has reviewed the Joint Motion for Good Faith Settlement Determination (ECF No. 294), Bel Air Mart's and Wong Family Investors, L.P.'s request to set a status conference (ECF No. 295), and the Joint Stipulations and Statement of Non-Opposition from the Estates of John W. Burns and Elice G. Burns (ECF Nos. 296-301).  The Court has determined that the agreements were made in good faith and are fair, reasonable, and consistent with the intent of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and California Code of Procedure ("CCP") §§ 877 and 877.6.

///

///

///

///

IT IS HEREBY ORDERED:

1. The settlement agreements between the Settling Parties,[1] attached as Exhibits A and B to the Declaration of Olivia M. Wright (ECF No. 294-2), are confirmed and approved;

2. All claims, counterclaims, and cross-claims asserted in the above-entitled action against Panattoni, Ralph Armstrong, Nagler, the Armstrong Estate, and/or the Joo Parties are DISMISSED with prejudice;

3. All claims, counterclaims, cross-claims, and third-party claims asserted in the above-entitled action by Panattoni, Nagler and the Armstrong Estate against Bel Air, WFI, and/or the Wongs are DISMISSED with prejudice;

4. All cross-claims made by the Estate of John W. Burns and The Estate of Elice G. Burns against Panattoni, Ralph Armstrong, Nagler, the Armstrong Estate and/or the Joo Parties are DISMISSED with prejudice;

5. The Court retains jurisdiction to enforce the following terms of the settlement agreements between the Settling Parties: (a) Paragraph 1 of the Partial Global Settlement with the Settling Parties' Joint Motion; and (b) Paragraph 1 of the Panattoni Settlement Agreement, attached as Exhibit B to the Declaration of Olivia M. Wright (ECF No. 294-2);

6. All claims relating to the facts of this action, including but not limited to, claims for contribution and indemnity that have been or could have been asserted by any person or entity, in this action or otherwise, against Panattoni, Ralph Armstrong, Nagler, the Armstrong Estate, or the Joo Parties with regard to the matters is in this action and with regard to the dry cleaner site located at 4338 Arden Way, Sacramento, CA, whether

---

[1] The Settling Parties include Bel Air Mart ("Bel Air"); Wong Family Investors, L.P. ("WFI"); Gene Wong, Paul Wong, Lillie Fong (collectively, "Wongs"); Yolanda Panattoni ("Panattoni"); The Estate of Ronald G. Armstrong, Deceased ("Armstrong Estate"), by and through its insurer Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, pursuant to California Probate Code section 550 ("Century"); Ralph Armstrong; Robert Gern Nagler, individually and as Trustee of the John W. Burns Testamentary Trust (collectively "Nagler"); and Arnold Cleaners, Inc., Han Hoi Joo, Chang Sun Joo, and Peter Kim (the "Joo Parties") (collectively, the "Settling Parties"). The Estate of John W. Burns and The Estate of Elice G. Burns filed a later Statement of Non-Opposition to the settlement agreement. See ECF No. 296.

such claims are or could be brought pursuant to federal or state law, are BARRED pursuant to Section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 147 (1996), and Section 877.6 of the California Code of Civil Procedure; and

7. The request to set a status conference (ECF No. 295) is DENIED. Instead, the remaining parties, if any, shall meet and confer and shall prepare and submit to the Court a Joint Status Report by **February 28, 2015,** that sets forth the parties' proposed schedule for further proceedings.

IT IS SO ORDERED.

Dated: January 13, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT